# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06cv350

| | |
|---|---|
| CHASE STUART WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| CHARLES R. ("Chuck") WHITE; ) | |
| SPRAYLESS SCRATCH REPAIR; ) | |
| MAGIC AUTO TOUCH UP, INC. ) | |
| individually and d/b/a Sprayless ) | |
| Scratch Repair, Sprayless Scratch ) | |
| Repair, Inc. and Mobile Recon; MAGIC ) | |
| AUTO TOUCH UP, individually and ) | |
| d/b/a Sprayless Scratch Repair, ) | |
| Sprayless Scratch Repair, Inc. and ) | |
| Mobile Recon and SPRAYLESS ) | |
| SCRATCH REPAIR, INC., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court on plaintiff's Motion to Compel Discovery (#25). The court has received specific leave of the district court to resolve this motion during the pendency of its consideration of the earlier filed Memorandum and Recommendation.

While parties are encouraged by this court to engage in discovery well before the action is even filed and up to the day of trial, the time within which a court will "referee" discovery is much narrower, and is limited in the first instance by the Rule 26(d), Federal Rules of Civil Procedure, and in the end by the Pretrial Order and Case Management Plan. While a Certificate of Initial Attorneys Conference has been filed,

-1-

no Pretrial Order and Case management Plan has been entered by the court inasmuch as such is dependent upon the district court's resolution of the Motion to Dismiss. Court-enforceable discovery is inappropriate until the parties have developed a proposed discovery plan pursuant to Rule 26(f), Federal Rules of Civil Procedure, and a Pretrial Order has been entered. Simmons v. Justice, 87 F.Supp.2d 524, 535 (W.D.N.C. 2000). By placing such limits on court-enforceable discovery, the court can give its full attention to either preliminary issues such as a motion to dismiss, or final issues such as trial preparation, without the distraction of discovery disputes.

As a general rule, this court takes the position that regardless of when the attorneys actually conduct their first meeting, court-enforceable discovery does not commence until the Pretrial Order and Case Management Plan is entered. It follows then that a court cannot compel that which has not yet commenced. Finally, federal courts are not guided by the North Carolina Rules of Civil Procedure on procedural issues such as discovery; rather, the orderly conduct of this case - - so long as it is in this court - - is governed by the Federal Rules of Civil Procedure as well as the Local Rules of the Western District of North Carolina.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion to Compel Discovery (#25) is **DENIED**.

Signed: March 14, 2007

Dennis L. Howell
United States Magistrate Judge