# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:06CV350

| | |
|---|---|
| CHASE STUART WALKER,<br><br>    Plaintiff,<br><br>vs.<br><br>CHARLES R. ("Chuck") WHITE;<br>SPRAYLESS SCRATCH REPAIR;<br>MAGIC AUTO TOUCH UP, INC.,<br>individually and d/b/a Sprayless<br>Scratch Repair, Sprayless Scratch<br>Repair, Inc., and Mobile Recon;<br>MAGIC AUTO TOUCH UP,<br>individually and d/b/a Sprayless<br>Scratch Repair, Sprayless Scratch<br>Repair, Inc., and Mobile Recon; and<br>SPRAYLESS SCRATCH REPAIR,<br>INC.,<br><br>    Defendants. | **MEMORANDUM AND<br>O R D E R** |

**THIS MATTER** is before the Court on Defendants' objections to the Magistrate Judge's Memorandum and Recommendation and the Plaintiff's response thereto.

## I. BACKGROUND

Finding the Magistrate Judge's Memorandum and Recommendation contains a sufficient description of the alleged factual basis for this case, the Court incorporates that factual basis herein and will highlight only the facts pertinent to resolution of the objections to the Memorandum and Recommendation.

Plaintiff, a resident of North Carolina, filed this action against the captioned Defendants, who are residents of Texas, alleging breach of a partnership agreement between the Plaintiff and the Defendants. *See,* **Complaint,** *attached to* **Notice of Removal, filed October 20, 2006, at 2-3.** Thereafter, the Defendants moved to dismiss this action or, in the alternative, to transfer venue to the Northern District of Texas, and supported their motion with affidavits from Charles and Patricia White. **Defendants' Motion to Dismiss or, in the alternative, to Transfer Venue, filed October 27, 2006;** *see also,* **Affidavit of Charles R. White and Affidavit of Patricia White,** *attached to* **Defendants' Motion.** The Plaintiff responded to the Defendants' motion and supported same with his affidavit and other documentation. ***See* Plaintiff's Response to Defendants' Motion to Dismiss, filed November 28, 2006.**

On January 3, 2007, the Magistrate Judge issued his Memorandum and Recommendation that the Defendants' motion to dismiss and the alternative motion to transfer venue be denied.  **Memorandum and Recommendation, filed January 3, 2007, at 17.**  The Defendants timely filed objections to the Memorandum and Recommendation, to which the Plaintiff responded, and the Defendants filed a reply to such response.  **Defendants' Objections to Magistrate's Memorandum and Recommendation, filed January 22, 2007; Plaintiff's Response to Defendants' Objections, filed February 5, 2007; Defendants' Reply to Plaintiff's Response, filed February 6, 2007.**

## II.  STANDARD OF REVIEW

A party may file written objections to a magistrate judge's memorandum and recommendation within ten days after being served with a copy thereof.  **28 U.S.C. § 636(b)(1).**  "Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections."  ***Thomas v. Westinghouse Savannah River Co.*, 21 F.Supp.2d 551, 560 (D.S.C. 1997); *see also, Battle v. United States Parole Comm'n*, 834 F.2d 419,**

421 (5th Cir. 1987) ("**Parties filing objections must specifically identify those findings objected to.**"). "Frivolous, conclusive or general objections need not be considered by the district court." *Id.* "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004); *see also Jones v. Hamidullah*, 2005 WL 3298966, at *3 (D.S.C. 2005) (**noting a petitioner's objections to a magistrate's report were "on the whole without merit in that they merely rehash [the] general arguments and do not direct the court's attention to any specific portion of the [report].**"). General or conclusive objections result not only in the loss of *de novo* review by the district court, but also in waiver of appellate review. *Tyler v. Beinor*, 81 F. App'x 445, 446 (4th Cir. 2003); *United States v. Woods*, 64 F. App'x 398, 399 (4th Cir. 2003). If proper objections are made, a district court will review the objections under a *de novo* standard. **28 U.S.C. § 636(b)(1)**. Where no objection is made,

however, the Court need "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" ***Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), *cert. denied*, 126 S. Ct. 1033 (2006) (quoting Fed. R. Civ. P. 72, Advisory Committee note).**

### III.  ANALYSIS

Defendants object to the Magistrate Judge's conclusion that the Defendant Charles White had sufficient minimum contacts with the State of North Carolina to justify the exercise of personal jurisdiction over Defendant White.  **Defendants' Objections, at 1.**  Defendants' remaining objections are subsumed and considered as part of the first objection.

As stated *supra*, Plaintiff originally brought this action in the state court of Buncombe County, North Carolina, and Defendants removed it to this Court pursuant to 28 U.S.C. §§ 1332 and 1441.  However, despite the Court retaining jurisdiction over the subject matter of Plaintiff's action, the Court must also have personal jurisdiction over the individually named Defendant.

Personal jurisdiction is generally established in one of four ways: consent to jurisdiction by the defendant; service of process upon the defendant in the forum state; the defendant is domiciled in the forum state; and *via* the forum state's long arm statute. **16 *Moore's Federal Practice*, §§ 108.20-108.23 (Matthew Bender 3d ed.).** Defendant Charles White has not consented to this Court's jurisdiction, has not been served within this State, nor is he domiciled in this State. Therefore, personal jurisdiction over this Defendant can only exist by way of North Carolina's long-arm statute.

The North Carolina Supreme Court has held, "[b]y the enactment of [the North Carolina long arm statute, N.C. Gen. Stat. § 1-75.4(1)(d)], it is apparent that the General Assembly intended to make available to the North Carolina courts the full jurisdictional powers permissible under federal due process." ***Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 676, 231 S.E.2d 629, 630 (1977).** The Supreme Court of the United States has held that due process allows a court to exercise personal jurisdiction over an individual if the individual has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" ***Int'l***

***Shoe Co. v. State of Washington, Office of Unemployment Comp.*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).** Minimum contacts with a forum state cannot exist unless "there be some act by which the defendant purposefully avails [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." ***Hanson v. Denckla*, 357 U.S. 235, 253 (1958).**

Personal jurisdiction can be either general or specific. ***Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.9 (1984).** General jurisdiction refers to a court's ability to exercise jurisdiction over a defendant based upon continuous, systematic, and substantial connections with the forum, whereas specific jurisdiction allows a court to adjudicate claims arising from a defendant's activities or contacts with the forum state. **16 *Moore's Federal Practice, supra*, at § 108.40.**

"When a controversy is related to or 'arises out of' a defendant's contacts with the forum, the Court has said that a 'relationship among the defendant, the forum, and the litigation' is the essential foundation of in personam jurisdiction." ***Helicopteros*, 466 U.S. at 414 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)).** "Personal jurisdiction over an

individual officer, director, or employee of a corporation does not automatically follow from personal jurisdiction over the corporation. . . . Personal jurisdiction must be based on an individual's personal contacts with or purposeful availment of the forum state." ***Harte-Hanks Direct Mktg./Baltimore, Inc. v. Varilease Tech. Fin. Group, Inc.*, 299 F.Supp.2d 505, 513-14 (D. Md. 2004).** Specifically, the Fourth Circuit has held that personal jurisdiction cannot be established based solely upon an individual's telephone calls or letters sent to the forum state. ***See Stover v. O'Connell Assoc., Inc.,* 84 F.3d 132, 137 (4th Cir. 1996).**

However, in this case, Plaintiff does not rely on such minimal contacts. The Plaintiff alleges the formation of a partnership with the Defendant White and an agreement that Plaintiff would manage the corporate and regional office in Asheville, North Carolina. **Affidavit of Chase Walker, at 2; Complaint, at 2-3.** At the time the partnership was formed, Plaintiff lived in Haywood County, North Carolina. *Id*. The complaint further alleges the partnership business is an ongoing concern in North Carolina; that the two Defendant corporations are alter egos of the Defendant White; and Plaintiff has contributed capital to the partnership, has been involved in the management of the partnership, and has

contributed his time and car-care experience to the ongoing success of the business itself. *Id*. Plaintiff further asserts that from the partnership office in Asheville, North Carolina, products are marketed and sold in the United States and internationally. **Walker Affidavit, at 3.**

The Court concludes, as did the Magistrate Judge, that considering the totality of the circumstances in this case, the individual Defendant as well as the corporate Defendants have established sufficient contacts with North Carolina to support the exercise of jurisdiction in this case. ***Telcordia Tech Inc. v. Telkom SA, Ltd.,* 458 F.3d 172, 177-79 (2d Cir. 2006),** *cert. denied*, **127 S. Ct. 1261 (2007);** ***Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).** The party asserting jurisdiction has made a *prima facie* showing of jurisdiction through the sworn statements referenced above as required in this Circuit. ***Dowless v. Warren-Rupp Houdailles, Inc.*, 800 F.2d 1305, 1307 (4th Cir. 1986).** Factual conflicts are resolved in Plaintiff's favor in determining whether the *prima facie* showing of jurisdiction has been made. ***Combs, supra*.** "'[I]t is [also] well settled that a defendant is amenable to the personal jurisdiction of a federal court in a diversity case to the extent permitted a state court in the state where the state court sits'. . . ." ***Barclays Leasing, Inc. v. Nat'l Bus. Sys., Inc.*, 750**

**F. Supp. 184, 186 (W.D.N.C. 1990) (quoting *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1264 (5th Cir. 1983)).** North Carolina courts generally consider the North Carolina long-arm statute to extend to "'the full jurisdictional powers permissible under federal due process.'" ***Vishay Intertechnology, Inc. v. Delta Int'l Corp.*, 696 F.2d 1062, 1065 (4th Cir. 1982) (quoting *Dillon,* 291 N.C. at 676, 231 S.E.2d at 630)) (other citations omitted).** "North Carolina's long arm statute is construed to extend jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause." ***Christian Science Bd. of Dirs. of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001) (quoting *Century Data Sys., Inc. v. McDonald*, 109 N.C. App. 425, 428 S.E.2d 190, 191 (1993)).**

> It is axiomatic that, in order for a district court to validly assert personal jurisdiction over a non-resident defendant, two conditions must be satisfied. First, the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and, second, the exercise of personal jurisdiction must also comport with Fourteenth Amendment due process requirements.

*Id*. Here, Defendants have "purposefully avail[ed] themselves" of the privilege of conducting partnership and corporate activities in North Carolina thereby invoking the benefits and protections of its laws, Plaintiff's

claims "arise out of North Carolina-related activities," and the exercise of jurisdiction over the Defendants is "constitutionally 'reasonable'". **Id. at 216 (quoting Burger King v. Rudzewicz, 471 U.S. 462, 472, 476-77 (1985)).**

Therefore, after conducting a *de novo* review of Defendants' objections to the Magistrate Judge's recommendation, the Court overrules the Defendants' objections and finds the Magistrate Judge's proposed findings of fact are supported by the record and the proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's Recommendation that the Defendants' motion to dismiss or, in the alternative, to transfer venue of this action be denied.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Defendants' motion to dismiss or, in the alternative, to transfer venue is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Defendants file answer or other responsive pleading on or before 15 days from service of this Memorandum and Order.

**IT IS FURTHER ORDERED** that on or before 20 days from the filing of the Defendants' responsive pleading, counsel shall file an amended proposed discovery plan.[1]  If the parties cannot agree on a discovery plan, they may request a formal pretrial conference before the Court.

Signed: May 31, 2007

Lacy H. Thornburg
United States District Judge

---

[1] A discovery plan was filed by the parties on January 17, 2007, although Defendants had not filed answer or other responsive pleading.  If counsel desire the Court to enter a pretrial order based upon the discovery plan filed in January rather than submit an amended plan, they shall so advise the Court by appropriate pleading.