IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06cv350

| | | |
|---|---|---|
| CHASE STUART WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | PROTECTIVE |
| Vs. | ) | ORDER |
| | ) | |
| CHARLES R. ("Chuck") WHITE; | ) | |
| SPRAYLESS SCRATCH REPAIR; | ) | |
| MAGIC AUTO TOUCH UP, INC. | ) | |
| individually and d/b/a Sprayless | ) | |
| Scratch Repair, Sprayless Scratch | ) | |
| Repair, Inc. and Mobile Recon; MAGIC | ) | |
| AUTO TOUCH UP, individually and | ) | |
| d/b/a Sprayless Scratch Repair, | ) | |
| Sprayless Scratch Repair, Inc. and | ) | |
| Mobile Recon and SPRAYLESS | ) | |
| SCRATCH REPAIR, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on defendants' Motion for Protective Order. Having considered defendants' motion and reviewed the pleadings, the court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendants' Motion for Protective Order (#35) is **GRANTED,** and the following **PROTECTIVE ORDER** is entered:

1. **Scope of Order.** This Protective Order governs the handling and disclosure of documents and the information contained therein, produced by the Plaintiff in response to Defendants' Requests for Production set forth above (hereinafter to be referred to as the "Confidential Information").

2. **Use of Confidential Information.** The Confidential Information, shall be used solely in connection with this action, and shall not be used or disclosed by any party (or their counsel) for any other purpose. Nothing herein shall prevent any party (or their counsel) from issuing subpoenas to such persons or businesses whose identity is disclosed in the Confidential Information to appear and to produce documents or to testify at trial or for deposition.

3. **Scope of Permitted Disclosure of Confidential Information:** Except upon further order of the Court, the Confidential Information shall be disclosed only to the following persons:
   a. Any party to this Protective Order;
   b. Law firms of record for any party to this Protective Order, and such firm's attorneys and office staff;
   c. Any person specifically employed by any party to this Protective Order in this litigation as an independent expert who has previously agreed in writing to be bound by the terms of this Protective Order by executing an Acknowledgment in the form of Exhibit A, attached hereto (and the

> attorneys for each party shall maintain a file of such written agreements);
>
> d. The Judge at any trial or hearing during this action, provided that either party may request that such disclosure be made in chambers or in some other fashion to maintain the confidential nature of the disclosure from spectators or other persons to whom disclosure is not allowed in this Protective Order; and
>
> e. To any court reporters, including their staff, who are employed to take depositions in this action in which the Confidential Information may be disclosed.

4. **Conditions of Disclosure to Experts or Witnesses.** Prior to the disclosure of the Confidential Information to any person set forth in Paragraph 3(c) of this Protective Order, the parties shall, in addition to obtaining the signed Acknowledgment, inform such person that the Confidential Information shall be used for the purposes of the furtherance of the prosecution or defense of this action only. For good cause shown, the parties shall disclose the identity of all persons to whom the Confidential Information has been disclosed.

5. **Reservation of Rights.** This Protective Order is entered without prejudice to the right of any party to bring before the Court at any time the question of whether any part of the Confidential Information is or is not the proper subject of continued

protection under the provisions of Rule 26(c) of the Federal Rules of Civil Procedure. If the parties are unable to resolve such a dispute, any party may bring the matter on for hearing. At such hearing, Plaintiff shall have the burden of establishing that the parts of the Confidential Information in question are properly subject to protection under Rule 26(c).

The production or disclosure of the Confidential Information pursuant to the terms of this Protective Order shall not waive or prejudice the right of the producing party to object to the admissibility of any part of the Confidential Information in this action or to the production or admissibility of any part of the Confidential Information in any other action.

6. **Disposition of Confidential Information.** Within thirty (30) days of the completion of this action (which shall be the earlier of the date upon which judgment becomes final after all appeals have been exhausted or the date on which the action is terminated by stipulation of dismissal), both parties (and their counsel) shall destroy all of the Confidential Information and copies thereof; provided, however, that nothing in this provision or Paragraph shall require the destruction of attorney work product.

7. **Procedural Reach of Restrictions.** Restrictions in this Protective Order on the disclosure and use of the Confidential Information shall continue during any trial or hearing of this action until completion of the action and disposition in

accordance with Paragraph 6 of this Protective Order; provided, however, that the disclosure and use of the Confidential Information during any such trial or during any hearing shall be subject to such protection as the Court shall determine is warranted and appropriate at the time of trial or hearing.

8. **Modification of Protective Order**.  Any party may seek to have the terms of this Protective Order modified upon due notice to all of the other parties.

9. **Enforcement.**  Each person who receives the Confidential Information in this action or pursuant to this Protective Order submits himself or herself to the personal jurisdiction of the Court, wherever he or she shall be found, solely for the purposes of the enforcement of this Protective Order.

Signed: January 3, 2008

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge

EXHIBIT "A" TO PROTECTIVE ORDER

**<u>Walker v. White, et al: 1:06-CV-350</u>**

This is to certify that the UNDERSIGNED has read and understands the contents of the preceding Protective Order Regarding Discovery of the Superior Court of Buncombe County as it relates to the confidential nature of documents produced in the above-referenced case, pursuant to said Order. The UNDERSIGNED acknowledges that the UNDERSIGNED is bound by and will abide by the terms of the Order and will respect the confidential nature of all documents and information produced pursuant to the terms of the Order and designated to be Confidential Business Information pursuant to the terms of said Order. The UNDERSIGNED hereby submits to the jurisdiction of the Superior Court in Buncombe County, North Carolina, for the purposes of the application and/or enforcement of said Order upon the UNDERSIGNED.

SIGNED:_____

Print Name:_____