# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06cv350

| | |
|---|---|
| CHASE STUART WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| CHARLES R. ("Chuck") WHITE; ) | |
| SPRAYLESS SCRATCH REPAIR; ) | |
| MAGIC AUTO TOUCH UP, INC. ) | |
| individually and d/b/a Sprayless ) | |
| Scratch Repair, Sprayless Scratch ) | |
| Repair, Inc. and Mobile Recon; MAGIC ) | |
| AUTO TOUCH UP, individually and ) | |
| d/b/a Sprayless Scratch Repair, ) | |
| Sprayless Scratch Repair, Inc. and ) | |
| Mobile Recon and SPRAYLESS ) | |
| SCRATCH REPAIR, INC., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court on defendants' Motion to Strike Deposition Notices and for Protective Order. Having considered defendants' motion and reviewed the pleadings, and it appearing that such depositions were scheduled based either upon a misunderstanding or through a lack of communication, the motion will be allowed. Sanctions will not, however, be allowed inasmuch as the circumstances of this motion would make an award unjust. Respective counsel are cautioned that this is the second time in this case that counsel have acted outside the norm expected of officers of this court. See Docket Entry #34.

As noted in plaintiff's response, federal courts do not have the time or

resources to schedule depositions for the parties. This is such a basic skill that there is absolutely no reason why competent counsel should not be able to accomplish the task with court intervention. In this case, it appears that the proximate cause of such failure is a lack of communication, which appears to be based on the same underlying personal problem addressed by Order on September 5, 2007. See Docket Entry #34.

A minimum requirement for practice in this court is that counsel meet in a good faith attempt to schedule depositions. It does not appear that any meeting took place, but that counsel instead exchanged posturing correspondence. All counsel of record shall personally now attend an attorneys' conference (at which the court will not be present) to be held in the court's conference room on Thursday, January 31, 2008, beginning at 9 a.m. In advance of that meeting, counsel for defendant shall contact each witness plaintiff has previously noticed for deposition and discern the following: (1) the dates they are available; (2) the necessity of compulsory process; and (3) the willingness of such witness to travel (at plaintiff's expense) to Asheville for a *de bene esse* deposition.[1] A list shall be made of all such witnesses and the parties will agree during that conference as to the date, time, and place of any depositions. If the parties are unable to agree, they may then come to the Chambers of the undersigned where (to the extent the court may exercise jurisdiction over the proposed deponent) the

---

[1] The court has assumed that it would be more cost effective for the witnesses to come to Asheville than for counsel to go to Texas and Oklahoma. The court believes that the deponents may be willing to forego process and travel to Asheville based upon representations in the pleadings that a number, if not all, of the proposed deponents are close family members of the individual defendant, who may have an interest in limiting such defendant's costs and fees.

court will set depositions; however, in doing so, the court may well set depositions for Saturdays, holidays, and at times counsel may not otherwise be inclined to travel. In any event, counsel shall report to the court in Courtroom No. 2 at 10:00am and shall at that hearing inform the court as to the results of their conference. After hearing from counsel the court will enter other orders or schedule other hearings as necessary .

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendants' Motion to Strike Deposition Notices and for Protective Order (#39) is **GRANTED,** and a Protective Order is **ENTERED** cancelling the previously scheduled out-of-state depositions of Charles White, Patricia White, Brodie White, Charlotte White, and William White.

IT IS, FURTHER ORDERED counsel for the parties shall appear in Courtroom No. 2 at 10:00am and inform the court as to the results of their conference. After hearing from counsel the court will enter other orders or schedule other hearings as necessary.

**IT IS FURTHER ORDERED** that an Attorneys Conference is scheduled to be held in the court's conference room on Thursday, January 31, 2008, beginning at 9 a.m. and thereafter continuing until such issue is resolved, subject to the conditions outlined above. Counsel shall check in with the Clerk of this court by that hour, who will assign an available conference room.

Signed: January 28, 2008

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge