# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06cv350

| | |
|---|---|
| CHASE STUART WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| CHARLES R. ("Chuck") WHITE; ) | |
| SPRAYLESS SCRATCH REPAIR; ) | |
| MAGIC AUTO TOUCH UP, INC. ) | |
| individually and d/b/a Sprayless ) | |
| Scratch Repair, Sprayless Scratch ) | |
| Repair, Inc. and Mobile Recon; MAGIC ) | |
| AUTO TOUCH UP, individually and ) | |
| d/b/a Sprayless Scratch Repair, ) | |
| Sprayless Scratch Repair, Inc. and ) | |
| Mobile Recon and SPRAYLESS ) | |
| SCRATCH REPAIR, INC., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court on plaintiff's Motion to Compel Discovery (#46) and defendants' Motion for Protective Order (#47). Oral arguments were heard on such motions on February 6, 2008. Based on the arguments made, and for the reasons discussed on the record, the court will allow the Motion to Compel as to document requests 1, 3,4, 5, and 8 in full, and as to request number 9, such will be allowed only as to loan applications, balance sheets, and profit and loss statements created on or after January 1, 2002, by or on behalf of any defendant. To the extent that the Motion to Compel seeks discovery as to request number 9 beyond such Order, the Motion for Protective Order is granted.

Dockets.Justia.com

A protective order concerning use of such sensitive materials is, hereby, entered providing that plaintiff may only use such information and documents for purposes of this litigation, that he may make absolutely no commercial use of such, and that disclosure is limited to plaintiff, his experts, his attorneys, and this court. No additional copies may be made by plaintiff of such material without prior court approval or approval of defendants' counsel, and that all such materials and any allowed copies thereof shall be returned to defendants at the conclusion of this litigation. Plaintiff may wish to give serious consideration to not personally reviewing such materials, leaving such task to his attorneys and experts, as his use of such material in contravention of this Order would be punishable by contempt, which could include imprisonment.

Defendant shall make Bates-stamped copies of the compelled materials and deliver those materials to counsel for plaintiff not later than February 25, 2008. Plaintiff shall be responsible for the reasonable costs of such copies and the delivery thereof, which is due and payable within 30 days of defendants' presentation of its bill.

The issue of the plaintiff's reasonable costs and fees in making his Motion to Compel will be heard at the conclusion of trial. Counsel may, however, resolve such issue in advance, which in this case could be fairly resolved by defendants trading off the costs of making the copies for the costs and fees incurred in furthering the Motion to Compel.

The parties shall select a date for mediation in this case and filed a report to the court establishing the date of mediation. The report shall be filed on or before February 20, 2008

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion to Compel Discovery (#46) and defendants' Motion for Protective Order (#47) are **GRANTED** in part and **DENIED** in part as above provided.

Signed: February 6, 2008

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge