# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:06cv350

| | | |
|---|---|---|
| **CHASE STUART WALKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **CHARLES R. ("Chuck") WHITE;** | ) | |
| **SPRAYLESS SCRATCH REPAIR;** | ) | |
| **MAGIC AUTO TOUCH UP, INC.** | ) | |
| **individually and d/b/a Sprayless** | ) | |
| **Scratch Repair, Sprayless Scratch** | ) | |
| **Repair, Inc. and Mobile Recon; MAGIC** | ) | |
| **AUTO TOUCH UP, individually and** | ) | |
| **d/b/a Sprayless Scratch Repair,** | ) | |
| **Sprayless Scratch Repair, Inc. and** | ) | |
| **Mobile Recon; SPRAYLESS** | ) | |
| **SCRATCH REPAIR, INC.; and** | ) | |
| **CPBBC, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the court upon defendants' Motion for Summary

Judgment. It appears that after the motion was filed and the issues substantially

briefed, an Amended Complaint was filed that added a new party and new claims.

*Sua sponte*, the court raised with respective counsel whether it should go forward on

a motion that seeks judgment on a pleading that is no longer operative, to wit, the

original Complaint. On August 7, 2008, respective counsel jointly responded

indicating that it would be their desire that the motion be withdrawn without

prejudice, and that a new deadline be set for dispositive motions after issues rejoin

on the Amended Complaint. The court concurs in that the result appears to be

consistent with case law.  In <u>Griffin-El v. MCI Telecommunications Corp.</u>, 835

F.Supp. 1114 (E.D.Mo.1993), the district court held as follows:

> For administrative ease, and because an amended complaint was filed
> after the pendency of the initial motions, the original motions to dismiss
> and for summary judgment should be denied as moot, and this Report
> and Recommendation will address the more recently filed motions for
> summary judgment directed to the third amended complaint.

<u>Id.</u>, at 1116.  Likewise, in <u>Smith v. Chrysler Corp.</u>, 938 F.Supp. 1406 (S.D.Ind. 1996),

the district court held:

> If the amended complaint had been allowed, the pending motions for
> summary judgment filed by Chrysler and the Union on the ADEA claim
> would have been rendered moot.

<u>Id.</u>, at 1406.  While these authorities are not binding, it appears that the result is

consistent with both logic and sound administration of the docket.  In addition to the

Motion for Summary Judgment, the new defendant has moved to dismiss the

Amended Complaint and all defendants face additional claims as to which additional

discovery *may* need to be taken.  Further, the court does not wish to foreclose the

defendants from including in a Motion for Summary Judgment any challenge they

may have to the additional claims.  Finally, the additional claims, parties, and

discovery may or may not have some impact on whether this case can be resolved

amicably.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendants' Motion for Summary Judgment (#58) is **DEEMED** withdrawn without prejudice as to filing or refiling any motion for summary judgment within the deadline for filing dispositive motions, which will be reset after issues have fully rejoined.

Signed: August 7, 2008

Dennis L. Howell
United States Magistrate Judge