# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:06cv350

CHASE STUART WALKER,          )
)
       **Plaintiff,**         )
)  **SECOND**
Vs.                        )  **MEMORANDUM AND**
)  **RECOMMENDATION**
CHARLES R. ("Chuck") WHITE;  )
SPRAYLESS  SCRATCH REPAIR;   )
MAGIC AUTO TOUCH UP, INC.    )
individually and d/b/a Sprayless    )
Scratch Repair, Sprayless Scratch   )
Repair, Inc. and Mobile Recon; MAGIC )
AUTO TOUCH UP, individually and   )
d/b/a Sprayless Scratch Repair,    )
Sprayless Scratch Repair, Inc. and   )
Mobile Recon; SPRAYLESS        )
 SCRATCH REPAIR, INC.; and     )
CPBBC, INC.,               )
)
       **Defendants.**       )
_____ )

      **THIS MATTER** is before the court upon defendant CPBBC, Inc.'s Motion to

Dismiss.  Having carefully considered defendants' Motion to Dismiss and reviewed

the pleadings, the court enters the following findings, conclusions, and

Recommendation.

## FINDINGS AND CONCLUSIONS

## I.    Nature of the Action

      In this action, plaintiff contends that defendants breached an oral partnership

agreement, and that he is entitled to receive one-half of the profits realized by the

venture, which concerned marketing and sale of "Sprayless Scratch Repair" to the

automotive detailing or repair industry. Among other contentions, plaintiff also alleges that defendants owed him a fiduciary duty in the conduct of the partnership, and that by not allowing him to share in the profits they breached that duty, resulting in a demand for punitive damages. Such purported partnership agreement was never committed to a writing and this action ensued.

Plaintiff filed this action in the North Carolina General Court of Justice, and the action was removed by defendants asserting this federal court's diversity jurisdiction. It appearing that there is complete diversity of the parties and that the amount in controversy well exceeds the jurisdictional threshold, the court finds that it has jurisdiction over this matter.

On May 12, 2008, plaintiff filed his Motion to Amend/Correct Original Complaint. Defendants responded to such motion, strongly contesting whether leave should be granted under Rule 15(a), Federal Rules of Civil Procedure, and plaintiff timely replied. On June 23, 2008, the undersigned allowed the proposed amendment, finding as follows:

> While the amendment and joinder of an additional party may delay this matter somewhat (or may not inasmuch as it appears that relevant discovery has already been taken), these are the types of claims that amendment and joinder rules fully anticipate must be brought. Indeed, the court can not discern how complete resolution of this dispute can be attained without allowing the proposed amendment and joinder. The overwhelming interests of justice counsel resolution of this dispute in one proceeding.
> Further, the court cannot agree -- at this point -- that the proposed amendments are futile. While it will be plaintiff's burden to show a partnership, whether he can meet that burden has not yet been determined.

Order, Docket Entry 68, at 2. Defendant CPBBC, Inc., has now moved to dismiss

arguing that this court lacks personal jurisdiction over the corporation, Fed.R.Civ.P. 12(b)(2), and that plaintiff has failed to state a cause of action against such defendant.

## II.    Applicable Standards

### A.    Rule 12(b)(2)

Rule 12(b)(2) provides for dismissal where the court lacks personal jurisdiction over a particular named defendant.  In the Fourth Circuit, the standard for deciding a motion based on Rule 12(b)(2) was set forth in <u>Combs v. Bakker</u>, 886 F.2d 673, 676 (4th Cir.1989), where it explained that a plaintiff has the burden to prove personal jurisdiction by a preponderance of the evidence.  When a factual dispute arises as to whether or not jurisdiction exists, the court may either conduct an evidentiary hearing or defer ruling on the matter until it receives evidence on the jurisdictional issue at trial.  <u>Id.</u>  When a court decides the issue on the record then before it, the court may consider "the motion papers, supporting legal memoranda, affidavits, other documents, and the relevant allegations of the complaint," and the burden is plaintiff's "to make a mere *prima facie* showing of jurisdiction to survive the jurisdictional challenge." <u>Clark v. Milam</u>, 830 F.Supp. 316, 319 (S.D.W.Va.1993) (citations omitted).  A court must resolve factual disputes in favor of the party asserting jurisdiction for the limited purpose of the *prima facie* showing.  <u>Bakker</u>, at 676.  Such resolution must include construing all relevant pleadings in a light most favorable to the plaintiff, assume the credibility of any affiant, and drawing  the most favorable inferences for the existence of jurisdiction.  <u>Id.</u>

### B.    Rule 12(b)(6) Standard

Where a defendant contends that a plaintiff has failed to state a cognizable claim, Rule 12(b)(6) authorizes dismissal based on a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1832 (1989); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). As the Court discussed in Neitzke:

> This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts . . . a claim must be dismissed, without regard to whether it is based on outlandish legal theory . . . . What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."

Id., at 1832 (citation omitted). Dismissal of a complaint is proper under Rule 12(b)(6) where it is clear that no set of facts consistent with the allegations in the plaintiffs' complaint could support the asserted claim for relief. Taubman Realty Group LLP v. Mineta, 320 F. 3d 475, 479 (4th Cir. 2003); Migdal v. Rowe Price-Fleming Intl Inc., 248 F. 3d 321, 325-36 (4th Cir. 2001). However, the Court recently held that the "no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955 (2007). Under Twombley, to survive Rule 12(b)(6) scrutiny, the claims must at a minimum be "plausible." Id.

While the court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a

motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

Migdal, at 326 (citations and internal quotations omitted). In addition, a court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted). For the limited purpose of ruling on defendants' motions, the court has accepted as true the facts alleged by plaintiff in the complaint and will view them in a light most favorable to plaintiff.

## III. Discussion

### A. Motion to Dismiss for Lack of Personal Jurisdiction

At the constitutional level, whether or not to exercise jurisdiction over a defendant is a question of fairness. International Shoe Co. v. Washington, 326 U.S. 310, 317-20 (1945). In the context of a corporation, determining what is fair requires review of the quantity and quality of the defendant's contacts with the forum state.

> [I]f the . . . corporation carries on, in that state, other continuous and systematic corporate activities... those activities are enough to make it fair and reasonable to subject the corporation to proceedings *in personam* in that state, at least insofar as the proceedings *in personam* seek to enforce causes of action relating to those very activities or to other activities of the corporation within the state.

<u>Perkins v. Benquet Mining Co.</u>, 342 U.S. 437, 445-46 (1952). Thus, constitutional concerns only arise where jurisdiction is allowed pursuant to a state's long-arm statute. As the Court of Appeals for the Fourth Circuit has stated:

> [W]hen evaluating the propriety of jurisdiction obtained pursuant to a long-arm statute, a two-step analysis is normally required. First, we must determine whether the statutory language applies to the defendant; second, if the statutory language applies, we must determine whether the statutory assertion of jurisdiction is consistent with the due process clause of the Constitution.

<u>English & Smith v. Metzger</u>, _____ F.2d _____, No. 89-1418, at 4 (4th Cir., April 17, 1990) (citation omitted). In considering defendants' Motion to Dismiss, analysis begins with the two-step approach furnished by the circuit court.

First, the North Carolina Supreme Court has held that the state's jurisdictional statute applies to defendants who meet the minimal contacts requirement of <u>International Shoe Co. v. Washington</u>, <u>supra</u>. <u>See</u> <u>Dillon v. Numismatic Funding Corp.</u>, 291 N.C. 674 (1977); <u>see also</u> <u>Western Steer-Mom & Pops v. FMT Invs., Inc.</u>, 578 F. Supp. 260, 264 (W.D.N.C. 1984) . The two-pronged approach approved by the circuit in applying the Virginia statute, "collapses into the question of whether (the Defendants have) the minimum contacts with North Carolina." <u>Fieldcrest Mills, Inc. v. Mohasco Corp.</u>, 442 F. Supp. 424, 426 (M.D.N.C. 1977).

On the <u>corporate</u> level, in determining what contacts suffice, the court may consider contacts which constitute "continuous and systematic corporate activities," or other activities, which relate to the causes of action plaintiffs seek to enforce. <u>Perkins v. Benquet Mining Co.</u>, <u>supra</u>. Where the corporation has had only limited contacts with the forum state, jurisdiction has not been exercised when those contacts

were not "purposeful, systematic or significant enough to warrant the exercise of jurisdiction." Wolf v. Richmond Co. Hosp. Auth., 745 F.2d 904 (4th Cir.), cert. denied, 474 U.S. 826 (1984).

There are five factors used in determining whether the long-arm statute and minimum contacts have been satisfied:

    (1)    quantity of the contacts;
    (2)    nature and quality of the contacts;
    (3)    source and connection of the cause of action to the contacts;
    (4)    interest of the forum state; and
    (5)    convenience.

Western Steer-Mom & Pops v. FMT Invs., Inc., supra, at 264; see Fieldcrest Mills, Inc. v. Mohasco Corp., supra, at 427; see also N.C. Gen. Stat. § 1-75.4(5) (North Carolina long-arm statute).

The burden is on plaintiff to establish that the long-arm statute provides for jurisdiction over these defendants. Marion v. Long, 72 N.C. App. 585, cert. denied, 313 N.C. 604 (1985). Therefore, the materials and arguments submitted by plaintiff will be reviewed in light of the five considerations found in Western Steer-Mom & Pops v. FMT Invs., Inc., supra, *seriatim*.

It is plaintiff's contention that CPBBC, Inc., is the alter-ego of Defendant White, that such corporation was used by him as a vehicle for diverting funds from the alleged partnership which is at the heart of this litigation. Docket Entry 81, at 3; First Amended Complaint, at ¶ ¶ 10 & 45. Defendant CPBBC, Inc.'s Motion to Dismiss based on lack of personal jurisdiction is nearly identical to the motion its codefendants filed and which was denied by this court.

First, the allegations of First Amended Complaint are all taken as true for purposes of the pending motion. Taking all of plaintiff's allegations and averments as true for the limited purpose of the pending motion, including the contention that CPBBC, Inc., is an alter-ego of Defendant White, the court must assume that defendants created a partnership with a resident of the State of North Carolina to conduct the partnership's business from the State of North Carolina. Thus, the acts of Defendant White as well as plaintiff are all attributable to CPBBC, Inc. Plaintiff has averred in this litigation that

(1)    he resides in Haywood County, North Carolina; Walker Aff. ¶ 3

(2)    he formed the SSR partnership with Texas resident Charles White in 2002; Walker Aff. ¶¶ 4-6

(3)    he and Defendant White are 50-50 partners in the SSR business; Walker Aff. ¶ 7

(4)    SSR has maintained a website for several years, and until recently the website listed an office in Asheville, North Carolina as the Eastern Region Office; Walker aff. ¶ 8-9, Ex. A

(5)    Asheville also is the site of an SSR Training Center; id., at Ex. A

(6)    under the Legal Notices section of defendants' website, the SSR website listed a phone number for SSR's Law Department that is the same as the phone number for the Asheville office managed by Plaintiff; id. , and

(7)    that the SSR Europe.com website also states that "Chuck [White] and Chase Walker became partners in 2002." id.

The court has also considered plaintiff's allegation that he has maintained a checking account in Asheville from the beginning of the alleged partnership "using Chuck White's and the Magic Auto Touch Up, Inc.['s], federal tax identification number." Walker Aff. ¶ 15.

In the case of a partnership, it is not just the activities of defendant that contribute to minimum contacts. Courts may also look to the activities of the plaintiff partner in determining whether the putative partnership has purposely availed itself of the protections of the forum:

> Where a court has personal jurisdiction over a partnership, either because of the partnership's activities as a whole or the actions of a single partner acting on behalf of the partnership, the court has personal jurisdiction over all of the general partners.

Afloat in France, Inc. v. Bancroft Cruises Ltd., 2003 WL 22400213, *5 (S.D.N.Y. 2003). This is not to say that the contacts of one partner or the partnership may satisfy minimum contacts as to any other particular partner:

> The contacts of the partners may establish jurisdiction over the partnership. This is so because each partner acts as an agent of the partnership when carrying on the business of the partnership in the usual way. However, while each partner is generally an agent of the partnership for the purpose of its business, he is not ordinarily an agent of his partners. Thus, a partner's actions may be imputed to the partnership for the purpose of establishing minimum contacts, but ordinarily may not be imputed to the other partners.

Sher v. Johnson, 911 F.2d 1357, 1366 (9th Cir. 1990)(citations omitted). In this case, there appears, according to the First Amended Complaint, to be no clear line of demarcation between defendants as individuals, corporations, and fictitious names under which Sprayless Scratch Repair, Inc., or Magic Auto Touch Up, Inc., does

business. Further, all of the defendants herein are represented by the same attorney, and "joint representation suggests that one corporation serves as the alter ego of another. <u>F.D.I.C. v. Allen</u>, 584 F.Supp. 386, 397 (E.D.Tenn.1984). <u>Concept One Intern., Inc. v. Nippecraft Ltd.</u>, 1997 WL 483248, *9 (W.D.Mich. 1997).

In making such determination, the court is compelled to assume that CPBBC, Inc., is the alter-ego of Defendant White. Clearly, Mr. White has, as previously determined, sufficient contacts with the forum state as to justify requiring him to defend this action in this forum. Plaintiff has alleged that CPBBC, Inc., is simply a conduit through which Defendant White runs funds. Defendant White contends that he simply runs royalties from certain patents through such corporation that are not subject to the alleged partnership, but plaintiff contends that Defendant White admitted in his deposition that such corporation is the beneficiary or recipient of royalties made on account of an SSR contract entered into with Certified Plus. Docket Entry 81, at 2. Clearly, "a court which has jurisdiction over a corporation has jurisdiction over its alter egos." <u>Minnesota Mining & Mfg. Co. v. Eco Chem, Inc.</u>, 757 F.2d 1256, 1265 (Fed. Cir. 1985).

The undersigned has considered the quantity of the contacts, the nature and quality of the contacts, the source and connection of the cause of action to the contacts, the interest of the forum state, and the convenience to all parties. In this case, substantial partnership activities in furtherance of defendants' business were conducted from this forum, such activities clearly involved the promotion and sale of defendants' patented products, this action arises directly from such activities

inasmuch as plaintiff contends that defendants have not fairly compensated or shared profits with him for such activities, North Carolina is clearly interested in and provides protections for business activities occurring within its borders, and regardless of whether this action is tried in Texas or North Carolina, it is apparent that substantial travel will be involved, making each forum equally inconvenient. Further, the court finds that based on the allegations of the complaint that CPBBC, Inc., is the alter-ego of Defendant White, the activities in this forum of Defendant White are attributable to CPBBC, Inc.

Having reviewed the affidavits submitted by plaintiff and considered the legal arguments made by defendants, and it appearing that this court may properly exercise jurisdiction over the persons of the defendants, the undersigned respectfully determines that plaintiff has met its burden; the North Carolina long-arm statue has been satisfied; due process is not offended; and defendant CPBBC, Inc., is properly subject to this court's jurisdiction. Therefore, the undersigned will respectfully recommend to the district court that defendants' Motion to Dismiss for lack of *in personam* jurisdiction be denied.

### B.      Motion to Dismiss for Failure to State a Cause of Action

In its Motion to Dismiss, CPBBC, Inc., argues that plaintiff's claims for breach of contract, declaratory judgment, and unjust enrichment against it should be dismissed for failure to state a claim. CPBBC, Inc., argues, in the main, a lack of specificity on plaintiff's part in his attempt to assert such claims against it. CPBBC, Inc., takes issue with plaintiff's generic use of the term "against all defendants,"

CPBBC, Inc.'s Memorandum, at 6, and the lack of any specific reference to it in such claims. Id.[1]

The undersigned joins in CPBBC, Inc.'s concerns inasmuch as the First Amended Complaint shows very little, if any, effort over the original Complaint, inasmuch as plaintiff has done little more than insert the name of CPBBC, Inc., into the preamble and factual assertions. As the undersigned has stated in numerous Orders, a complaint is the functional equivalent of the charging instrument used in criminal cases, and while notice pleading is designed to accommodate even the poorest draftsmanship, a federal practitioner should aspire to drafting a complaint that does more than simply pass. Use of phrases such as "all defendants" is a shortcut for the better practice of setting forth how each defendant supposedly harmed the plaintiff. As will be discussed below in the context of declaratory judgment, it is most unclear from the First Amended Complaint precisely what it is plaintiff seeks the court to declare against CPBBC, Inc., which is fatal to such claim even under a notice pleading analysis.

Finally, counsel for plaintiff makes frequent appearances in this court and the undersigned has reviewed a number of his pleadings. The court also notes that he came to this district from another jurisdiction, which may well have had different forms of pleadings. The undersigned would respectfully encourage counsel for plaintiff to gather and review complaints drafted by fellow, more senior members of

---

[1]     The undersigned notes that plaintiff has, in one sentence, incorporated into all claims all the allegations of his First Amended Complaint. First Amended Complaint, at ¶ 46.

this Bar as examples of pleadings that have the attention to detail this court expects.

## 1. Breach of Contract

To state a claim for breach of contract under North Carolina law, a plaintiff must allege the following: (1) a legal obligation of the defendant to the plaintiff; (2) a violation or breach of that right or duty; and (3) a consequential injury or damage to the plaintiff. See generally Investment Properties v. Norburn, 281 N.C. 191 (1972). It appears from the First Amended Complaint that it is plaintiff's contention that because CPBBC, Inc., operated as Defendant White's alter-ego, such corporate defendant was equally obligated under the purported partnership agreement to share profits from the SSR system with plaintiff. See First Amended Complaint, at 1 and ¶¶ 38 & 45. Plaintiff has asserted that such claim is "against all defendants." With the caveat that serves as a preamble to this discussion, such allegations are sufficient to allege a breach of contract under notice pleading. The undersigned will recommend that the Motion to Dismiss as to this claim be denied.

## 2. Declaratory Judgment

In his cause of action for declaratory judgment, plaintiff alleges that he and Defendant White entered into a partnership, that the agreement was to divide the profits of such partnership equally, that rather than pay plaintiff his share, Defendant White created certain corporations to sell SSR product, and then did not account for such profits. He seeks a declaration that he and Defendant white are 50/50 owners of SSR, Inc., and that he is entitled to 50 percent of all profits generated by the SSR business. See First Amended Complaint, ¶¶ 83-91. Earlier in the First Amended

Complaint, plaintiff alleges that Defendant White diverted funds payable to the partnership to CPBBC, Inc., and that such corporation, having no independent corporate identity, is simply the alter-ego of Defendant White. <u>Id.</u>, at ¶¶ 38 & 45.

CPBBC, Inc.'s argument as to this claim is, in essence, that in amending his claim for declaratory judgment, plaintiff failed to mention at any point CPBBC, Inc. For the reasons discussed in the preamble above, CPBBC, Inc.'s point is well taken. While plaintiff states that he sues "all defendants" for a declaratory judgment in paragraph 83, the critical paragraphs in which plaintiff seeks specific relief from the court are paragraphs 90 and 91 of the First Amended Complaint. In those later and crucial paragraphs, plaintiff, while referencing by name each of the other defendants, makes absolutely no reference to CPBBC, Inc., and the court simply cannot tell whether it is plaintiff's contention that CPBBC, Inc., should be grouped with Defendant White or whether it should be grouped with the defendant businesses which Defendant White purportedly used to generate sales in violation of the alleged partnership agreement. A third possibility is that plaintiff is seeking a declaration from this court that CPBBC, Inc., is an alter-ego of Defendant White and that plaintiff is entitled to 50 percent of any monies deposited into such alter-ego that were generated by the SSR business. In any event, the plaintiff's claim for declaratory relief as to CPBBC, Inc., should be dismissed <u>without</u> prejudice as the court as well as CPBBC, Inc., are without notice of the declaration which plaintiff seeks against such defendant.

### 3. Unjust Enrichment

Again in this claim, plaintiff fails to make mention of CPBBC, Inc., at any point in the claim. Noticeably, however, plaintiff's reference to "all defendants" or "defendants" comes at pertinent places that would give CPBBC, Inc., reasonable notice that the claim is asserted against such defendant. Unlike the claim for declaratory relief, the claim for unjust enrichment does not, when requesting relief, depart from the "all defendants" format , making it readily clear that CPBBC, Inc., is subject to that particular claim. The undersigned will recommend that the Motion to Dismiss as to this claim be denied.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendants' Motion for Summary Judgment be **ALLOWED** in part and **DENIED** in part as follows:

(1)  CPBBC, Inc.'s Rule 12(b)(2) motion be **DENIED**; and

(2)  CPBBC, Inc.'s Rule 12(b)(5) motion be **GRANTED** without prejudice as to plaintiff's claim for declaratory relief, and **DENIED** as to plaintiff's claims for breach of contract and unjust enrichment.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **ten (10)** days of service of same. Failure to file objections to this Memorandum and Recommendation with the

district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: October 15, 2008

Dennis L. Howell
United States Magistrate Judge