IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:06CV350

| | |
|---|---|
| CHASE STUART WALKER, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CHARLES R. ("Chuck") WHITE; ) <br> SPRAYLESS SCRATCH REPAIR; ) <br> MAGIC AUTO TOUCH UP, INC., ) <br> individually and d/b/a Sprayless ) <br> Scratch Repair, Sprayless Scratch ) <br> Repair, Inc., and Mobile Recon; ) <br> MAGIC AUTO TOUCH UP, ) <br> individually and d/b/a Sprayless ) <br> Scratch Repair, Sprayless Scratch ) <br> Repair, Inc., and Mobile Recon; ) <br> SPRAYLESS SCRATCH REPAIR, ) <br> INC.; and CPBBC, INC., ) <br> ) <br> Defendants. ) <br> ) | MEMORANDUM AND <br> O R D E R |

**THIS MATTER** is before the Court on objections by Defendant CPBBC, Inc., to the Magistrate Judge's Second Memorandum and Recommendation, and Plaintiff's reply thereto.

I. BACKGROUND

With leave of the Court, Plaintiff filed an amended complaint alleging Defendant White used Defendant CPBBC, Inc. (CPBBC) to divert funds that were properly owing to the alleged partnership between Defendant White and Plaintiff. **First Amended Complaint, filed June 24, 2008, at 1.** Further, Plaintiff alleged that Defendant White's failure to follow corporate formalities with CPBBC has blurred the lines of CPBBC's corporate existence such that there is no appreciable distinction between Defendant White and CPBBC. *Id.,* ¶¶ **10, 45.** CPBBC moved for dismissal arguing that this Court lacks personal jurisdiction over the corporation and that Plaintiff failed to state a cause of action against CPBBC. **CPBBC's Motion to Dismiss, filed July 29, 2008.** In reviewing the Magistrate Judge's First Memorandum and Recommendation that considered similar arguments by the original Defendants, the undersigned affirmed the recommendation, finding that sufficient minimum contacts had occurred between all of the original Defendants and the forum state. *See* **Memorandum and Order, filed May 31, 2007.**

The Magistrate Judge set forth a thorough factual summary of this case in both the First and Second Memorandum and Recommendations.

*See* **Memorandum and Recommendation, filed January 3, 2007, at 1-2; Second Memorandum and Recommendation, filed October 15, 2008, at 1-3.** These factual summaries are incorporated herein and the Court will recite only the facts necessary for the resolution of CPBBC's objections.

## II.  STANDARD OF REVIEW

A party may file written objections to a Magistrate Judge's memorandum and recommendation within ten days after being served with a copy thereof.  **28 U.S.C. § 636(b)(1).**  "Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections."  ***Thomas v. Westinghouse Savannah River Co.*, 21 F. Supp. 2d 551, 560 (D.S.C. 1997);** *see also***, Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) ("Parties filing objections must specifically identify those findings objected to.").**  "Frivolous, conclusive or general objections need not be considered by the district court."  *Id.*  "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An 'objection' that does nothing more than state a

disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." **Aldrich v. Bock, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); see also Jones v. Hamidullah, 2005 WL 3298966, at *3 (D.S.C. 2005) (noting a petitioner's objections to a magistrate's report were "on the whole without merit in that they merely rehash [the] general arguments and do not direct the court's attention to any specific portion of the [report].")**.  General or conclusive objections result not only in the loss of *de novo* review by the district court, but also in waiver of appellate review.  **Tyler v. Beinor, 81 F. App'x 445, 446 (4th Cir. 2003); United States v. Woods, 64 F. App'x 398, 399 (4th Cir. 2003)**.  If proper objections are made, a district court will review the objections under a *de novo* standard.  **28 U.S.C. § 636(b)(1).**  Where no objection is made, however, the Court need "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" **Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, Advisory Committee note).**

## III. DISCUSSION

### A. Motion to Dismiss for Lack of Personal Jurisdiction

CPBBC objects to the Magistrate Judge's finding that, 1) CPBBC has sufficient minimum contacts with the forum state and, 2) the recommendation that CPBBC's motion to dismiss should be denied. **Defendant CPBBC, Inc.'s Objections to Magistrate Judge's Memorandum and Recommendation ("CPBBC's Objections"), filed November 3, 2008.** The Court has examined these objections *de novo* and the Magistrate Judge's findings and recommendations and concludes that such findings and recommendations are supported by the record and the proposed conclusions are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's Recommendation that Defendant CPBBC's motion to dismiss for lack of personal jurisdiction be denied.

### B. Motion to Dismiss for Failure to State a Cause of Action

CPBBC contends that Plaintiff's causes of action for breach of contract, declaratory judgment, and unjust enrichment should be dismissed for failure to state a claim. The Magistrate Judge recommended that

CPBBC's motion to dismiss be denied as to Plaintiff's claims for breach of contract and unjust enrichment and granted without prejudice as to Plaintiff's claim for declaratory judgment. The Court has conducted a *de novo* review of CPBBC's objections and carefully reviewed the Magistrate Judge's findings and conclusions. The Court concludes that the Magistrate Judge's findings are supported by the record and the proposed conclusions are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's recommendations.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that Defendant CPBBC's motion to dismiss for lack of personal jurisdiction is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant CPBBC's motions to dismiss Plaintiff's claims of breach of contract and unjust enrichment for failure to state a cause of action are **DENIED.**

**IT IS FURTHER ORDERED** that Defendant CPBBC's motion to dismiss Plaintiff's claim for declaratory judgment is **GRANTED** and such claim is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the Defendant CPBBC file answer or other responsive pleading on or before 15 days from entry of this Order.

**IT IS FURTHER ORDERED** that the parties confer on the need for additional discovery, a deadline for the filing of dispositive motions, and a proposed trial date, and thereafter file a **joint** pleading regarding these issues within 20 days from entry of this Order. After consideration of the parties' recommendations, the Court will enter an amended pretrial order and return this matter to the active trial docket.

Signed: March 12, 2009

Lacy H. Thornburg
United States District Judge