**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:06cv350**

| | |
|---|---|
| CHASE STUART WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| CHARLES R. ("Chuck") WHITE; ) | |
| SPRAYLESS SCRATCH REPAIR; ) | |
| MAGIC AUTO TOUCH UP, INC. ) | |
| individually and d/b/a Sprayless ) | |
| Scratch Repair, Sprayless Scratch ) | |
| Repair, Inc. and Mobile Recon; MAGIC ) | |
| AUTO TOUCH UP, individually and ) | |
| d/b/a Sprayless Scratch Repair, ) | |
| Sprayless Scratch Repair, Inc. and ) | |
| Mobile Recon; SPRAYLESS ) | |
| SCRATCH REPAIR, INC.; and ) | |
| CPBBC, INC., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court upon plaintiff's Motion to Compel Discovery from Defendants (#111). Specifically, plaintiff seeks supplementation of responses to interrogatories served in 2007 that go to plaintiff's alleged damages, which the court originally had to compel defendants to produce in 2008. See Order (#48). The court specifically ordered defendants to produce loan applications, balance sheets, and profit and loss statements created on or after January 1, 2002. Id. Defendants take the position that if plaintiff wanted documents beyond 2007 (or 2008 based on the court's earlier Order), he should have served quarterly requests as the supplementation rules only require supplementation where the response is

-1-

"incomplete or incorrect." Response, at pp. 2-3.

Rule 26(e)(1)(b), Federal Rules of Civil Procedure, now provides as follows:

> **(e) Supplementation of Disclosures and Responses.**
> **(1) In General**.
> A party who has made a disclosure under Rule 26(a) — or who has responded to an interrogatory, request for production, or request for admission — must supplement or correct its disclosure or response:
>
> > (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
> >
> > (B) as ordered by the court.

Fed.R.Civ.P. 26(e)(1).

The Federal Court of Claims recently addressed the duty to supplement. In Hernandez, Kroone and Assoc., Inc. v. United States, 2008 WL 4725433 (Fed.Cl. 2008),[1] the claims court held that:

> Semantics aside, whether or not a party has an obligation to confirm that its responses are correct or complete, a party has an absolute, continuing duty to supplement its responses with any material changes, without prompting. 6 James Wm. Moore et al., *Moore's Federal Practice* § 26.131[3], at 26-302.1 (3d ed.2007); see Pasant v. Jackson Nat'l Life Ins. Co., 137 F.R.D. 255, 256-58 (N.D.Ill.1991). Information is material if the failure to disclose may prejudice the other party. *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1205 (Fed.Cir.2005).
> RCFC 26(e)(2) has only two exceptions to the duty to supplement. If the information has otherwise been made known to the propounding

---

[1] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

party during the discovery process, the answering party need not amend its prior response. Secondly, if the information has otherwise been made known to the other party in writing, supplementation is unnecessary. *Zoltek Corp. v. United States*, 71 Fed. Cl. 160, 163-64 (2006); *Tritek Techs., Inc. v. United States*, 63 Fed. Cl. 740, 746-47 (2005).

Id., at *5. While the case law draws few bright lines, Rule 26(e)(1) obliges a party to supplement without prompting any damages discovery responses where such alleged damages are the type that would naturally accrue up to and including the time of trial. This obligation attaches where, as here: (1) damages may well be found to accrue through the time of trial; (2) the responding party knows that new information exists; and (3) such information is material. Clearly, loan applications, balance sheets, and profit and loss statements generated since the initial production are material where, as here, plaintiff is contending that he is entitled to share in the profits (and any losses) of the purported partnership. The motion to compel(#111) will be allowed.

**Fees.**

Plaintiff has requested an award of attorney fees and expenses pursuant to Fed. R. Civ. P. 37(a)(5)(A). The rule provides as follows:

(5) **Payment of Expenses; Protective Orders**.

(A) If the Motion is Granted (or Disclosure or Discovery is Provided After Filing). If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery

    without court action;
(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

The undersigned finds that the defendants' response and objection was substantially justified and other circumstances make an award of fees in this matter unjust.

 The court agrees with defendants that the wording of plaintiff's initial request could have better indicated the continuing nature of the request or the continuing nature of the obligation. Although the rule appears to place the burden on the responding party to supplement, the court believes the better practice is, as defendants state, to label the request as a "continuing"one so as to put one's colleagues and opponents on notice. While allowing the motion to compel, the court finds that it would be inappropriate in these circumstances to make any award of costs.

**ORDER**

 **IT IS, THEREFORE, ORDERED** that plaintiff's Motion to Compel Discovery from Defendants (#111) is **GRANTED,** and defendants are hereby **ORDERED** to provide plaintiff with the requested supplementation not later than **May 17, 2010**, and shall provide supplementation up to and including the day of trial if such information exists. It is also **ORDERED** that the plaintiff's request for an award of attorney fees is **DENIED** and the parties in this matter shall each bear their own costs as to this motion.

Signed: May 10, 2010

_Dennis L. Howell_

Dennis L. Howell
United States Magistrate Judge