IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06cv350

| | |
|---|---|
| CHASE STUART WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| CHARLES R. ("Chuck") WHITE; ) | |
| SPRAYLESS SCRATCH REPAIR; ) | |
| MAGIC AUTO TOUCH UP, INC. ) | |
| individually and d/b/a Sprayless ) | |
| Scratch Repair, Sprayless Scratch ) | |
| Repair, Inc. and Mobile Recon; MAGIC ) | |
| AUTO TOUCH UP, individually and ) | |
| d/b/a Sprayless Scratch Repair, ) | |
| Sprayless Scratch Repair, Inc. and ) | |
| Mobile Recon; SPRAYLESS ) | |
| SCRATCH REPAIR, INC.; and ) | |
| CPBBC, INC., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court upon defendants' Motion to Quash Subpoena (#113). In short, defendants ask that the court quash a subpoena *duces tecum* served on a non-party because it was served outside the time allowed for completion of discovery in the Pretrial Order. Id. In response, plaintiff states that the subpoena merely seeks supplementation under Rule 26(e)(1)(A)-(B), Fed.R.Civ.P., of such non-party's responses to earlier subpoenas and testimony at a deposition in 2008. Response, at p. 2. Plaintiff further argues that defendants lack standing to seek to quash the subpoena as they have failed to show any personal right or privilege.

The applicable law concerning motions to quash non-party subpoenas has been

-1-

aptly summarized by Honorable David Cayer, United States Magistrate Judge, who recently held as follows:

> A party generally has no standing to file a motion to quash a subpoena issued to a third-party based upon Rule 45(c). *Joiner v. Choicepoint Servs., Inc.*, No. 1:05CV321, 2006 U.S. Dist. LEXIS 70239, 2006 WL 2669370, at *4 (W.D.N.C. Sept. 15, 2006) (citing Windsor v. Martindale, 175 F.R.D. 665, 668 (D. Colo. 1997)) ("The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought. . . .Absent a specific showing of a privilege or privacy, a court cannot quash a subpoena duces tecum."). The Fourth Circuit has held that a party lacks standing to move to quash a subpoena issued to a nonparty when the party seeking to challenge the subpoena fails to show a personal right or privilege in the information sought by the subpoena. *U.S. v. Idema*, No. 04-6130, 118 Fed.Appx. 740, 2005 WL 17436, at *3 (C.A.4 (N.C.) Jan. 4, 2005) (*citing Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 635 (D. Kan. 1999)). Plaintiff has not asserted that it has a personal right to, or privilege in, the information sought in the subpoenas. Thus, Plaintiff lacks standing to file a motion to quash the subpoenas issued to EIP and Wachovia.

Carolina Materials, LLC v. Cont'l Cas. Co., 2009 U.S. Dist. LEXIS 111193, at *6-*7 (W.D.N.C. Dec. 1, 2009). Despite such subpoena being issued after the close of discovery, defendants have not challenged plaintiff's argument that defendants lack standing, and it appears from a review of the motion that defendants indeed lack standing to request that the non-party subpoena be quashed.

In addition to standing, plaintiff has also argued that the subpoena does not seek additional or new discovery but, rather, supplementation of earlier discovery responses by the non-party. While the undersigned has recently addressed in this action the duty *of a party* to supplement, the court need not decide at this time whether the subpoena at issue here sought "new" discovery or merely sought supplementation as such is not necessary to resolve the present motion. A stickier issue may well be

whether the obligation to supplement under Rule 26(e)(1) applies to non-parties as such Rule specifically addresses the duty of a "party." Fed.R.Cvi.P. 26(e)(1). See Alexander v. F.B.I., 192 F.R.D. 37, 38 (D.D.C. 2000) ("non-party served with a subpoena duces tecum is under no duty to supplement its discovery responses.") This distinction may, however, be without substance as the rule speaks to the *duty* of a *party* to supplement, as opposed to a *party's* responsibility to *seek* supplementation from a non-party. While defendants' remedy may not be found in moving to *quash* the subpoena itself, defendants may be able to challenge the *use* of the materials produced by filing an appropriate motion *in limine,* which appears to be the recognized method for a party to challenge materials it believes were discovered from a non-party outside the time for discovery, as opposed to supplementations of earlier discovery responses from the non-party.

While this case has been hotly contested since inception, the undersigned would encourage respective counsel to attempt to amicably resolve issues of admissibility and authenticity well in advance of the upcoming trial.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendants' Motion to Quash Subpoena (#113) is **DENIED** for lack of standing.

Signed: May 14, 2010

_____
Dennis L. Howell
United States Magistrate Judge