# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 1:06-CV-350

| | |
|---|---|
| CHASE STUART WALKER | ) |
| Plaintiff, | ) |
| v. | )    **ORDER** |
| CHARLES R. WHITE, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court upon Defendants' Motion for Separate Trial filed May 18, 2010; Plaintiff's Response filed May 28, 2010; and Defendants' Reply filed June 2, 2010. For the reasons stated below, the motion is GRANTED.

In this case, the parties dispute the nature of their business relationship. Plaintiff alleges, and Defendants deny, the existence of a 50-50 partnership between Plaintiff and Defendants in the SSR business. Plaintiff puts forth ten claims in support of his cause of action: declaratory judgment establishing the existence of a partnership, unjust enrichment, an accounting of the partnership, breach of fiduciary duty, fraud and fraudulent concealment, breach of contract, disregarding the corporate entity, constructive trust, and compensatory and punitive damages. Defendants move to bifurcate the claims for declaratory judgment and unjust enrichment from Plaintiff's remaining claims.

Federal Rule of Civil Procedure 42(b) provides that a Court may order a separate trial of one or more separate issues or claims for convenience, to avoid prejudice, or to expedite and economize. Fed. R. Civ. P 42(b) "The party requesting separate trials bears the burden of

convincing the court that such an exercise of its discretion will (1) promote greater convenience to the parties, witnesses, jurors, and the court, (2) be conducive to expedition and economy, and (3) not result in undue prejudice to any party." *F&G Scrolling Mouse, LLC v. IBM Corp.*, 190 FRD 385, 387 (M.D.N.C. 1999). And, bifurcation may be appropriate where litigation of one issue may obviate the need to try another issue. *Vichare v. AMBAC Inc.*, 106 F.3d 457 (2nd Cir. 1996).

Here, providing for a separate trial on the declaratory judgment and unjust enrichment claims will enhance the efficiency and economy of trial proceedings and be more convenient for the participants. Defendants correctly point out that, putting aside the declaratory judgment claim and the unjust enrichment claim, Plaintiff's remaining eight claims are contingent upon the jury finding in Plaintiff's favor on the declaratory judgment claim. Therefore, a separate trial on the issues of the existence of a partnership and unjust enrichment would either obviate the need for any subsequent proceedings on the other claims, if decided in Defendants' favor, or clarify the terms of the partnership contract for the parties to then present evidence on remedies and damages, if decided in Plaintiff's favor. Furthermore, it is unlikely that any prejudice will result to any party because the trials will be heard by the same jury and will be conducted one immediately following the other. The first trial will decide the Plaintiff's declaratory judgment claim and Defendants' counterclaim on the existence of a partnership; and it will adjudicate the Plaintiff's unjust enrichment claim. The second trial, if necessary, will adjudicate any remaining claims. Therefore, the motion is hereby GRANTED.

IT IS FURTHER ORDERED that contemporaneous with this order the Court will file an amended Pretrial Order and Case Management Plan revising the pretrial schedule for this case. This case is currently scheduled for trial on June 21, 2010. Because the Court has granted the

Motion for Separate Trials, it is now necessary for the case to be rescheduled for November 2, 2010 at 10:00 AM in Courtroom 2 of the United States Courthouse 100 Otis Street Asheville, North Carolina.

IT IS FURTHER ORDERED that the Plaintiff will submit a brief not to exceed ten pages on the issue of choice of law to be applied to the declaratory judgment claim within 30 days of entry of this order, and Defendant may submit a reply brief not to exceed ten pages within 15 days of Plaintiff's submission.

SO ORDERED.

Signed: June 9, 2010

Graham C. Mullen
United States District Judge