IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 1:06-CV-350

| | |
|---|---|
| **CHASE STUART WALKER** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **CHARLES R. WHITE, et al.,** ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**THIS MATTER** is before the Court upon its own motion to determine which state's law applies to the issue of partnership formation at trial. The parties have submitted briefs on this issue, and for the reasons stated below, the Court will apply North Carolina law to the issue of partnership formation. (Docs. 126, 127).

A United States District Court sitting in diversity will apply the Choice of Law rules of the state in which the District Court is located. *Fed. Hill Homeowners Ass'n v. Cmty Ass'n Underwrit. of Am. Inc.*, No. 0-130, 2010 U.S. App. LEXIS 12689 at *6 (4th Cir. June 21, 2010) (citing *Res. Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631, 635 (4th Cir. 2005). Thus, this Court will apply the North Carolina choice of law rules. "Under North Carolina law, the principle of lex loci contractus applies to choice-of-law decisions in contract cases; therefore, we apply the law of the state where the last act essential to a meeting of the minds occurs." *Cole v. Champion Enters.*, 305 Fed. App'x 122, 128 (4th Cir. 2008) (citing *Walden v. Vaughn*, 157 N.C. App. 507, 510, 579 S.E.2d 475, 477 (N.C. Ct. App. 2003)).

Plaintiff alleges that in 2002 he was offered and accepted a 50/50 partnership in the Defendants' businesses during a phone conversation between Defendant Charles White, in Texas,

and the Plaintiff, in North Carolina. (Doc. 94-1, 109-110) Defendant Charles White also acknowledges having a phone conversation with Plaintiff during that period of time in which Plaintiff expressed his interest in distributing Defendants' products.[1] (Doc. 94-8, 46). Plaintiff alleges that at that time he became a partner in Defendant Charles White's already existing Magic Auto Touch Up, Inc. business, which had been incorporated in Texas in 1995. (Doc. 94-26, 17). Plaintiff also claims that the partnership agreement encompasses business entities that were formed subsequently, including Sprayless Scratch Repair ("SSR"), Mobile Auto Recon and "any other entity that had anything at all to do with SSR." (94-26, 10). Defendant Charles White incoporated SSR in 2005 in Texas. (Doc. 69, 2; Doc. 94-8, 130).

These facts suggest that the phone conversation was the basis of the business relationship between the parties, whether that is a partnership or a distributorship agreement. Plaintiff specifically alleges that during that phone conversation Mr. White "offered the partnership... and I (Mr. Walker) agreed to the partnership in North Carolina and he offered it in Texas." (Doc. 94-1, 110) Therefore, the last act required to form the partnership occurred in North Carolina. Under the principle of lex loci contractus, this obtains the highly anomalous result that North Carolina law will determine the existence of a partnership in businesses that are incorporated in Texas.

Signed: October 8, 2010

Graham C. Mullen
United States District Judge

---

[1] In this deposition, Mr. White contradicts his own affidavit filed with this Court on October 27, 2006 in which he states that "any discussions I had with Mr. Walker in 2002, occurred in Texas when Mr. Walker traveled here on several occasions to meet with me." (Doc. 8-2, 3) Mr. White will not be allowed to use this affidavit to contradict his deposition or testimony at trial.